IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MYRON NEWJEAN ANDERSON JR,**
**ADC #123288**                                                                                     **PETITIONER**

V.                              CASE NO. 4:23-cv-00740-LPR-JTK

**DEXTER PAYNE**                                                                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

I. **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

II. **Background:**

On September 19, 2007, an Ashley County jury found Mr. Anderson guilty of five counts of terroristic act and one count of felon in possession of a firearm in connection with the shooting of seven people in a nightclub.[1] He is currently serving an aggregate 1,320 months' sentence—110 years—in the Arkansas Department of Corrections (ADC).

---

[1] Mr. Anderson's procedural history is outlined in more detail in the recommended disposition written by this Court in a previously dismissed habeas case. See *Myron N. Anderson v. Ray Hobbs*, Case No. 5:10-cv-258, Doc. No. 25 at pp. 2-3.

Mr. Anderson has previously filed a federal habeas petition in this District based on the same conviction. *See Anderson v. Hobbs*, Case No. 5:10-cv-258 (E.D. Ark. Aug. 27, 2010). On July 9, 2012, this Court recommended that Mr. Anderson's habeas petition be dismissed as procedurally default. *Id.*, Doc. No. 25. That recommendation was adopted by Judge Wright on July 12, 2012. *Id.*, Doc. No. 26. Since then, Mr. Anderson failed to receive permission from the Eighth Circuit to file a successive petition. *Id.*, Doc. No. 51.

Now, Mr. Anderson has filed his second *pro se* petition for writ of habeas corpus (Doc. No. 2), which must be dismissed as successive.

### III.    Discussion:

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a *prima facie* showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. There is no indication from the record that Mr. Anderson sought and received authorization from the Eighth Circuit Court of Appeals before filing this petition. This Court, therefore, lacks jurisdiction; and the petition should be summarily dismissed.

### III.   Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Anderson has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV.   Conclusion:

The Court recommends that Judge Rudofsky DENY and DISMISS Mr. Anderson's petition for writ of habeas corpus (Doc. No. 2), without prejudice. Furthermore, Judge Rudofsky should deny a certificate of appealability.

Also pending is Mr. Anderson's motion for leave to proceed in forma pauperis (Doc. No. 1). This motion is DENIED as moot.

DATED this 2nd day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE