IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MYRON NEWJEAN ANDERSON, JR.**                                                            **PLAINTIFF**
ADC #123288

v.                                      Case No: 4:23-cv-00740-LPR

**DEXTER PAYNE,**
*Director, ADC*                                                                                **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 4) and Mr. Anderson's Objections (Doc. 5). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 2) is DENIED and DISMISSED without prejudice. A certificate of appealability will not issue. Mr. Anderson's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is DENIED as moot.

IT IS SO ORDERED this 30th day of April 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] In his Objections, Mr. Anderson asserts that his Petition is not successive and therefore he does not need authorization from the Eighth Circuit to proceed with this case. Doc. 5 at 4. He asserts that the claim in the instant Petition is "based on new law and new factual circumstances that had not arisen when [he] filed his first Petition in *Anderson v. Hobbs*, Case No. 5:10-cv-258 (E.D. Ark. Aug. 27, 2010)." *Id*. But Mr. Anderson fails to demonstrate either that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(A)–(B)(i). Instead, his claim is based on later-issued Arkansas case law, which did not alter the underlying factual predicate of his claim—that he was convicted pursuant to a version of the terroristic threatening statute, Ark. Code Ann. § 5-13-310, that was not in effect at the time of the offense. Mr. Anderson could have brought this claim in his first 2010 Petition. So his failure to seek pre-authorization from the Eighth Circuit deprives this Court of jurisdiction to hear the instant Petition.